Harold JONES, Respondent,

v.

Billy JONES, Appellant.

No. 24157.

Kansas City Court of Appeals.

Missouri.

Dec. 7, 1964.

J. Door Ewing, Joe Beavers, Ewing and Beavers, Maryville, for appellant.

Robert L. Ross, Albany, for respondent.

MAUGHMER, Commissioner.

Plaintiff had a verdict and judgment for $15,000 as damages for injuries to his right hand sustained while pulling on the belt of defendant's combine, trying thereby to assist in starting the motor. Plaintiff, Harold Jones, on December 1, 1962, when the accident occurred, was 64 years of age and the father of defendant Billy Jones. His principal occupation for 16 years had been managing and operating a small town produce house. However, he lived on a farm and prior to his produce house venture had been a farmer, but had mostly used horse-drawn machinery in his farming operations although he owned a tractor, disk and plow. He had never owned a combine or other types of farm machinery which were equipped with belts and pulleys.

Defendant was a farmer, owned two combines and in addition to harvesting his own crops, did custom combining. The machine on which plaintiff sustained his injuries was a 1958 model self-propelled John Deere combine. Defendant had left it in plaintiff's yard and came by about 7:00 a. m. on the day in question to do some custom work (not for plaintiff). The machine was equipped with a self-starter on a battery. December first was described as a cold morning and the motor failed to start in response to defendant's efforts with the starter. Defendant's father—the plaintiff—was just ready to leave for his produce house. Defendant asked him to "pull down on the belt and get it loose". From his location at the starter, defendant could see neither plaintiff nor the belt. If the belt were pulled and moved it would lessen the load on the starter. Plaintiff on a few occasions previously had used this method to aid in starting the combine. When the implement came from the factory it was equipped with a metal shield over the belt and pulley—a safety device designed to prevent a hand, arm or clothing from becoming entangled. Defendant, a few years previously in an effort to facilitate making some repairs, had removed this shield and had never replaced it. Plaintiff testified he never knew the shield had originally been there or that it had been removed.

Plaintiff pulled on the belt as directed and defendant pressed on the starting button. Plaintiff's right hand became entangled in the pulley under the belt. He yelled "stop". His wife and son got his hand out, took him to the doctor and then to the hospital. The testimony was that his little finger was amputated, that except for the thumb, he has no use of the hand, it gets cold and is painful all the time.

Appellant asserts first that his motion for directed verdict at the close of all the evidence should have been sustained because "the evidence conclusively shows plaintiff was guilty of contributory negligence and assumed the risk of his injury, as a matter of law". It apparently is conceded that plaintiff's evidence amounted to a submissible case unless plaintiff was guilty of

contributory negligence as a matter of law. Defendant invites our attention to Chisenall v. Thompson, 363 Mo. 538, 252 S.W.2d 335. In that opinion the Supreme Court quotes (p. 337) with approval the following from 65 C.J.S. Negligence § 120, page 722:

" 'The duty to exercise ordinary care to avoid injury includes the duty to exercise ordinary care to observe and appreciate danger or threatened danger. A person is required to make reasonable use of his faculties of sight, hearing, and intelligence to discover dangers and conditions of danger to which he is or might become exposed, and one injured as a result of his failure to use his faculties to observe and discover a danger which would have been observed and discovered by an ordinarily prudent person is guilty of contributory negligence.' "

The court reversed a judgment for Chisenall who had injured his hand cleaning stalks from the rollers of a corn picker. That case is quite different from ours. Chisenall was defendant's farmhand, had operated the corn picker for about eight days, and was familiar with it. The master had placed the work entirely in charge of the servant and permitted him to perform it in his own way. He had not given any specific directions as to the method to be used in cleaning the picker. In our case we have no relation of master and servant. Plaintiff was not particularly familiar with the machine and he had been specifically directed to "pull on the belt". In this latter respect our case is more akin to Beckett v. Kiepe, Mo.App., 369 S.W.2d 258, where defendant, employed to construct plaintiff's barn, directed plaintiff to "slip under a pole and ride it down". The pole fell and plaintiff was injured. We quote from the opinion of this court (page 262) affirming a judgment for plaintiff:

"In all of the cases cited by defendant in support of his argument that plaintiff was contributorily negligent as a matter of law there was no 'request or invita-tion' by the defendant to do the act nor was there any 'reassurance by the defendant.'

"The courts have repeatedly held that under factual situations, somewhat similar in that the hazard and defect is more or less obvious to the plaintiff, the plaintiff is not contributorily negligent as a matter of law, but that it was a jury question. As said in the case of Hahn v. Flat River Ice & Cold Storage Co., 285 S.W.2d 539 (Mo. Sup.): 'Where one relies and acts upon the directions and assurances given him by another as to the proper manner of performing a task or operation, in relation to which the latter owes him some duty as to his safety, it is ordinarily a question for the jury to resolve whether the directions and assurances given were improper, and such as to amount to negligence in the particular circumstances, and also whether the reliance upon the following out of them in the situation involved constituted contributory negligence.' "

Appellant invites our attention to Crandall v. McGilvray, Mo., 270 S.W.2d 793, as being controlling here. In that case plaintiff was a farmhand employed by defendant. He was familiar with the corn picker and knew it was dangerous to remove stalks from the rollers with the power on, because when the obstruction was removed the rollers would start turning. Nevertheless, he did remove the obstruction while the power was on, caught his hand in the rollers and was injured. A directed verdict for defendant was upheld, the court ruling plaintiff guilty of contributory negligence as a matter of law. The opinion also states that plaintiff was not entitled to a submission on failure to warn. We quote on this subject from the syllabus:

"In action against employer for injuries sustained by mature farm hand experienced in operation of power machinery when fingers of right hand were caught in husking rollers of

mechanical corn picker when he attempted to remove obstruction which had stopped operation of rollers without first disengaging power take-off, evidence failed to make a case for jury on issue of defendant's duty to warn of dangers known to him, in absence of showing by substantial evidence that injured employee did not know of or appreciate danger of thus removing obstruction."

We believe that under the facts here the question as to plaintiff's contributory negligence was for the jury and the motion for directed verdict was properly overruled.

The appellant's four remaining assignments of error are attacks on plaintiff's verdict-directing Instruction No. 1. It is claimed this instruction (a) did not submit for jury determination all the factual elements essential to a plaintiff verdict; (b) failed to submit if the absence of the safety shield made it dangerous to pull on the drive belt; (c) failed to require a finding that plaintiff knew of the danger because the shield was no longer there and (d) the instruction failed to hypothesize the precise acts of negligence but instead gave the jury the privilege of finding negligence generally. We set out Instruction No. 1:

"The Court instructs the jury that if you find and believe from the evidence that on December 1, 1962, at about 7:30 A.M. defendant was the owner of a John Deere 45 self propelled combine which was parked on land owned by plaintiff in Worth County, Missouri and if you further find that defendant was attempting to start the motor of said self propelled combine and if you further find that defendant asked plaintiff to pull on the belt connecting the motor and the drive pulley and if you further find that plaintiff did pull on said drive belt and that defendant at the same time engaged the starter on said combine and if you further find that said John Deere 45 self propelled combine was equipped with a shield approximately twice the diameter of the pulley when it was purchased by defendant and if you further find that the purpose of said shield was to prevent persons or objects from being caught in the belt and pulley and if you further find that on December 1, 1962 at about 7:30 A.M. said shield was not on said combine and if you further find that defendant did not warn plaintiff of the absence of said shield on said pulley and if you further find that defendant failed to exercise ordinary care and was negligent and if you further find that as a direct and proximate result of said negligence, if any, plaintiff sustained injuries, then your verdict will be for the plaintiff and against the defendant, unless you find the plaintiff guilty of contributory negligence or guilty of assuming the risk as set out in other instructions herein".

As we read and understand the instruction it describes two possibly negligent acts. First, a specific direction by defendant for plaintiff to pull on the belt and, second, no warning to plaintiff by defendant that the shield, a safety device installed by the manufacturer, had been removed. Then follows a requirement "and if you further find that defendant did not warn plaintiff of the absence of said shield on said pulley and if you further find that defendant failed to exercise ordinary care and was negligent * * *". It is true as appellant points out that the instruction would have been more nearly perfect grammatically and as to legal technical compliance if the finding of negligence had been tied specifically to these two possibly negligent acts by the phrase "and thereby" or "and that such acts" amounted to negligence and were not in the exercise of ordinary care. But as a practical matter was the jury, or the Court, or counsel misled or were the jury really restricted, as to negligence to these two items—that is—specific direction to pull on the belt and failure to advise as to the absence of the shield?

The instruction suggests nothing else as possible negligence, the pleadings declare nothing else, the evidence is so restricted, defendant's Instruction D on contributory negligence so limits the subject and of necessity nothing else could have been argued to the jury. In Taylor v. Hitt, Mo. App., 342 S.W.2d 489, 499, it was stated:

"However, in the final analysis, the test is how the instruction will naturally be understood by the average men and women who compose our juries, Lewis v. Zagata, 350 Mo. 446, 166 S.W.2d 541; Dell'Aria v. Bonfa, Mo., 307 S. W.2d 479."

Appellant cites Endermuehle v. Smith, Mo., 372 S.W.2d 464. That was an intersection automobile collision case. The Court held (1) A humanitarian instruction should be clearly separated from any possible consideration in connection with another instruction requiring a motorist to exercise the highest degree of care since such failure would not defeat a humanitarian recovery; (2) When the submission of defendant's counterclaim was on primary negligence of failure to look, his verdict-directing instruction must specifically restrict recovery to that hypothesized negligence and not to negligence generally where the evidence as heard referred to other acts of negligence which allegedly amounted to lack of proper care.

We shall consider one other case cited by appellant, Owens v. McCleary, 313 Mo. 213, 281 S.W. 682, was a malpractice case against a physician. Plaintiff's main instruction directed the jury to determine whether "in making said treatment, the defendant carelessly and negligently injured the plaintiff". Under the evidence liability could have been predicated only upon the mode of treatment or failure to keep the openings drained. The instruction did not refer to these alleged, supported and properly submissible acts of negligence. The Court therefore quite properly said about the instruction: "It permitted them to base a finding for plaintiff on any theory of negligence which they could construct or evolve out of their own minds, and was therefore erroneous."

The case before us is not one where several grounds of negligence are alleged but only one or two submitted. In such a situation a jury might be confused if the main instruction did not unequivocally and grammatically restrict the possible negligence findings to the fields of negligence submitted. In the case before us only two grounds of negligence were ever mentioned—in the pleadings, by the evidence, in the instructions and by necessity, in the argument. Defendant's instruction on contributory negligence mentioned only these two elements. Section 512.160(2), V.A.M.S. admonishes us that: "No appellate court shall reverse any judgment, unless it believes that error was committed by the trial court against the appellant, and materially affecting the merits of the action."

We do not believe that the jury was misled or that the trial court committed any error materially affecting the merits of this action. In Fantin v. L. W. Hays, Inc., et al., Mo., 242 S.W.2d 509, 514, the Court through inadvertence failed to submit instructions defining the terms "negligence" and "highest degree of care". The Court said:

"And finally, in the absence of demonstration of prejudicial effect to the rights of the plaintiff it may not be said, in the circumstances of this case, that the inadvertent omission to read these definitions to the jury was so prejudicially erroneous as to compel the granting of a new trial of this cause. Mo.R.S.1949, Sec. 512.160, subd. 2."

We find no reversible error and the judgment is affirmed.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.