**Louis HELMING and Patricia Helming, Respondents,**

v.

**Lawrence DULLE, d/b/a Dulle Gas Service, Appellant.**

No. 53605.

Supreme Court of Missouri, Division No. 1.

May 12, 1969.

Motion for Rehearing or for Transfer to Court En Banc Denied June 9, 1969.

Scott O. Wright, Columbia, for respondent; Brown, Wright & Willbrand, Columbia, of counsel.

Terence C. Porter, Columbia, for appellant; Welliver, Porter & Cleaveland, Columbia, of counsel.

WILLIAM E. BUDER, Special Judge.

Defendant has appealed from an adverse judgment after unavailing post-trial motions. A jury trial resulted in a verdict for plaintiff, Louis Helming, in the sum of $35,000.00 for personal injuries and for his wife in the sum of $10,000.00 for consortium. There is no question concerning jurisdiction.

Plaintiff, who operated a garage for the repair of automobiles, filed this action against defendant, who conducted a gas and water service business, for personal injuries and his wife's action involves loss of service. A Davis Task Force 500, which is a trench digging machine, owned by defendant was positioned in defendant's parking lot, located between plaintiff's place of business and defendant's place of business, and certain parts were being replaced thereon. While so engaged defendant's employee sheared a bolt when endeavoring to insert it into an opening where it was to be fitted on a sprocket wheel. It was necessary to secure another bolt and plaintiff, who then was in attendance at his place of business, was asked whether he had another such bolt available. Plaintiff then delivered the bolt and the employee resumed his task. The employee experienced some difficulty in aligning the bolt with the opening on the sprocket wheel and plaintiff attempted to rotate the sprocket wheel by pulling on the chain attached to the sprocket wheel with his hands to achieve proper alignment. Such maneuver was unsuccessful and plaintiff requested the employee to have defendant start the motor. Defendant appeared at the trenching machine and turned the ignition switch which started the motor. The trenching machine then was in gear and the chain attached

to the sprocket wheel began to rotate. Plaintiff's hands still being located on the chain thus were propelled between the chain and sprockets causing them to be severely injured.

■ Defendant's first assignment of error concerns his motion for directed verdict because plaintiff was guilty of contributory negligence as a matter of law. " 'Contributory negligence may be established as a matter of law under certain circumstances, but only when reasonable minds could not differ as to plaintiff's negligence.' " Wolfe v. Harms, Mo., 413 S.W. 2d 204; Hardy v. St. Louis-San Francisco Railway Company, Mo., 406 S.W.2d 653; Jones v. Jones, Mo.App., 384 S.W.2d 807; Keeney v. Callow, Mo., 349 S.W.2d 75. There is evidence to show that plaintiff had serviced the machine on a prior occasion and was familiar with the operation thereof. His hands continued to remain on the chain after his request to "turn it over" and he did not watch defendant to determine the method he pursued. The evidence further discloses that no mechanical parts then were moving and plaintiff was not then confronted with danger until defendant took complete control of the power unit and turned the ignition switch. There was no specific direction by plaintiff to start the motor while it was engaged in gear and the chain did not commence to rotate until after the ignition switch was turned. The employee, who was attempting to turn the bolt, had a wrench pulled from his hands when the motor started. The burden of proof on this issue is, of course, upon defendant. Hardy v. St. Louis-San Francisco Railway Company, supra. It is rather apparent that the cases cited by defendant to support his position are clearly distinguishable from the present case. The case of Jacobson v. Vestal, Mo., 361 S.W.2d 677, is not persuasive because there plaintiff was in complete control of the corn picker and knew rollers were revolving. The same situation applies in the case of Chisenall v. Thompson, 363 Mo. 538, 252 S.W.2d 335. Another case is that of Hahn v. Flat River Ice and Cold Storage Company, Mo., 285 S.W.2d 539, where an ice machine was operating and plaintiff reached into a section thereof while moving parts were functioning. The remaining case is that of Coleman v. North Kansas City Electric Company, Mo., 298 S.W.2d 362, wherein plaintiff exposed himself to a known danger which he knew then was in existence. More than a sufficient area for reasonable minds to differ is present and a directed verdict for contributory negligence as a matter of law is not warranted.

■ Defendant's next assignment of error relates to the question of submissibility. Plaintiff's verdict directing instruction required a finding that the machine was in gear causing the gears on the machine to turn and that there was a reasonable likelihood that persons working on the machine would be caught in the gears. Testimony favorable to plaintiff must be accepted as true in deciding the question of submissibility. Hansmann v. Rupkey, Mo.App., 428 S.W.2d 952; Price v. Seidler, Mo., 408 S.W.2d 815. Plaintiff testified that he requested the employee to have defendant "turn it over" and he did not know whether the machine was in or out of gear. The evidence further discloses that defendant had owned several such machines during prior years and was familiar with the operation thereof. Defendant knew plaintiff was endeavoring to rotate the sprocket wheel manually and saw him standing there but did not know where plaintiff's hands were located. Defendant did not ascertain whether the gears were engaged before he turned the ignition switch. Under these circumstances defendant took it upon himself to turn the ignition switch without warning or notice to plaintiff while gears were engaged. The facts in the present case are even more compelling than those in Price v. Seidler, supra, where owner of automobile was held liable when the accelerator was depressed while gears were engaged. There the garage owner was working in close prox-

imity to the accelerator when the automobile abruptly lurched forward and injured plaintiff, a garage mechanic. The duties imposed by the law of negligence arise out of circumstances and are based on foreseeability or reasonable anticipation that harm or injury is a likely result of acts or omissions. Price v. Seidler, supra; Kettler v. Hampton, Mo., 365 S.W.2d 518. It also is said that foresight, not retrospect, is the standard of diligence. It is nearly always easy, after an accident has happened, to see how it could have been avoided. Schlegel v. Knoll, Mo., 427 S.W.2d 480. Plaintiff's evidence definitely establishes a precedent condition and one which defendant could have reasonably anticipated. It was plainly foreseeable when defendant turned the ignition switch without knowing or determining the position of gears.

■ Defendant also assigns as error refusal for discharge of the jury. During voir dire examination by defendant two women, who were members of the jury panel, voiced requests for dismissal from jury service which requests were denied. Article I, Section 22(b), Constitution of Missouri, V.A.M.S., and Section 494.031, V.A.M.S., afford women exemption from jury service should they so choose. Defendant did not interrogate these two jurors to determine whether they would be impartial or have any prejudice under the circumstances nor did he explore any consequence thereof. Defendant did not offer a challenge for cause when the problem developed, nor did he seek other court action at this time. Defendant exercised a preemptory challenge as to one such juror and the other was selected and served on the trial jury. The objection and request for discharge was not interposed until after the trial jury had been sworn. There is no evidence of prejudice or hostility as to the two women jurors or any other juror. In State v. Brown, 364 Mo. 759, 267 S.W.2d 682, it is said, "He did make a statement about age qualifications of jurors but he did not say that he challenged this juror

for cause. * * *" A party has a right to a jury fairly selected and may reject any who are unqualified or prejudiced. State v. Andrews, Mo., 371 S.W.2d 324; Kendall v. Prudential Insurance Company, Mo., 327 S.W.2d 174. The question of exemption was directed to the Court and was for the Court to decide. These jurors could offer excuse but they were not totally disqualified. Upon denial, it developed upon defendant to determine at once the effect, if any, thereof and then to accept or reject by challenge or other court action. State v. Crawford, Mo., 416 S.W.2d 178; State v. Hermann, Mo., 283 S.W.2d 617. Defendant's complaint not only came later, and after the trial jury was sworn, but following his active participation in the selection of the trial jury. Defendant's contention cannot prevail.

■ Another assignment of error is directed to the admission in evidence of certain colored photographs or transparencies illustrating plaintiff's injured hands. The exhibits in question were taken at a reputable institution while plaintiff was under treatment by the medical witness who identified and interpreted them. It appears from the evidence, and the exhibits in question, that they truly and accurately portrayed the actual damaged hands and repair thereof. The competence of the medical witness was well established and there is nothing to show distortion or exaggeration in any degree. "The subject matter portrayed is not of such inflammatory or prejudicial nature as would justify the view that the court abused its discretion in admitting them." Chism v. Cowan, Mo., 425 S.W.2d 942; Boydston v. Burton, Mo., 379 S.W.2d 536.

■ Defendant's next complaint of error involves the amount of the verdict. Plaintiff suffered a loss of the distal tip of the ring finger of the right hand and multiple fractures on the four fingers of the left hand down into the knuckle joints. The bones which were fractured in the left hand were so unstable that a wire was in-

serted so medical procedures could progress. Soft tissue injury was profuse in and around the injured parts. He was confined to the hospital for nine days on the first occasion and for short periods on two subsequent occasions. It was necessary for plaintiff to wear a special hand splint for approximately one month. After stitches and wires were removed, physical therapy was administered. Later an operation was performed to achieve fusion of a joint. The left hand has a distinct functional limitation in motion and the evidence indicates it to be sixty percent. The evidence shows the hospital expenses to be in the amount of $856.06 and for professional services in the amount of $280.00. Plaintiff's evidence further disclosed his loss of income to be $600.00 for the year 1965 and $1,800.00 for the year 1966, and the mentioned impairment will definitely affect his ability to pursue his trade in the future. Plaintiff, who was 48 years of age when trial was had, had a third grade education and during his working years labored as a mechanic and painter. He has been compelled to employ other mechanics at his garage to assist him in performing repairs on automobiles, and no longer could be employed as a painter. Under these circumstances, it can be said without contradiction that the injuries are substantial and permanent, and that plaintiff's earning capacity has been diminished. There is no accurate scale for measuring the money value of damages sustained for personal injuries. Moss v. Courtaway, Mo., 400 S.W.2d 160. " 'Consideration must be given the nature and extent of the injuries and losses, plaintiff's age and * * * diminished earning capacity, if any, the changing economic factors and the amount * * * awarded and approved in cases similar or of fairly comparable injuries.' " Stephens v. Guffey, Mo., 409 S.W.2d 62; Parlow v. Carson-Union-May-Stern Company, Mo., 310 S.W.2d 877. Defendant relies on the case of Fletcher v. Kemp, Mo., 327 S.W.2d 178, involving somewhat similar or comparable injuries suffered by a mechanic, to demonstrate that this verdict

is excessive. A judgment for $15,000.00, where hand injuries were involved, was held not to be excessive in that particular case. Plaintiff, a self-employed garage owner, is severely curtailed in his ability to perform manual labor and now is compelled to hire other mechanics to assist him in repairing motor vehicles. His entrance into other trades requiring manual labor is really restricted and his lack of education and age do not enhance his field of opportunity. The escalating scale of wages and cost of living also are factors that merit consideration and must realistically be so recognized. The size of the verdict herein does not shock the conscience of the Court. Parrinello v. Rulo Investment Company, Mo.App., 349 S.W.2d 416; Statler v. St. Louis Public Service Company, Mo.App., 300 S.W.2d 831; Rinderknecht v. Thompson, 359 Mo. 21, 220 S.W.2d 69. It is not excessive in the sense which would justify the exercise by this court of its discretion to order a remittitur.

Defendant's last assignments of error concern the subject of consortium and the excessive verdict therefor in favor of plaintiff's wife. Since the decision in Novak v. Kansas City Transit, Inc., Mo., 365 S.W.2d 539, there is no question regarding the validity of a wife's cause of action for consortium. This decision was reaffirmed in the case of Shepherd v. Consumers Cooperative Association, Mo., 384 S.W.2d 635. " '* * * (O)ne element of consortium (is) the loss of support. Consortium, however, includes in addition to material services, elements of companionship, felicity and sexual intercourse, all welded into a conceptualist unity.' " Hodges v. Johnson, Mo.App., 417 S.W.2d 685. " * * * (T)he loss of the husband's consortium is essential to wife's cause of action." Carnell v. Dairyman's Supply Company, Mo., 421 S.W.2d 775. After plaintiff's first discharge from the hospital, his both hands were bandaged and his wife was required to assist him when he ate meals, she shaved him and she but-

toned his clothing. Plaintiff's handicap still necessitates some services of this character by the wife and since the occurrence he has been somewhat cross and irritable. The evidence further reveals that the wife secured a second position of employment after the occurrence. It is only reasonable to infer from the facts presented by the evidence that his diminished earning capacity has, and will, create some additional problems for his wife. Taken together these varied and sundry duties now fall upon the wife and constitute a disruptive influence in the sphere of family and social life between the parties. There may be some adjustment by the parties but the handicap will remain. It seems rather apparent that the evidence is sufficient to support Count II and under the circumstances the verdict does not appear excessive.

The judgment is affirmed.

All concur.