Clarence R. HIGLEY, Plaintiff-Respondent,

v.

**MISSOURI PACIFIC RAILROAD COMPANY, Defendant-Appellant.**

No. 47843.

Missouri Court of Appeals, Eastern District, Division Four.

Jan. 22, 1985.

**574**

Kim Roger Luther, St. Louis, for defendant-appellant.

David R. Herndon, St. Louis, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendant appeals from a judgment against it, pursuant to jury verdict, in the amount of $2,371,000 for injuries sustained by plaintiff. The action was brought for violation of the Federal Safety Appliance Act, 45 U.S.C. Sec. 2. We affirm.

Plaintiff was a veteran brakeman-switchman for defendant in McGehee, Arkansas. At the time of the accident he was a member of a crew preparing to couple and move empty cars. Plaintiff was pulling pin lifters to open the coupling knuckles to allow the cars to be coupled together. In order for the cars to couple it is necessary that at least one of the knuckles be open. The pin lifter extends from the knuckle to the outside of the car. Its function is to allow an employee to lift the pin in the knuckle so that the knuckle will open. It is designed so that it is unnecessary for the employee to go between the cars to open the knuckle. Plaintiff reached the point where the accident occurred and observed that two cars were uncoupled and that the knuckles of each were in the closed or almost closed position. From his experience he knew the cars would not couple with the knuckles in that position. He took hold of the pin lifter which then separated from the knuckle and fell to the ground without opening the knuckle. The pin lifter for the other car was on the other side of the cars. Plaintiff went between the cars to manually open the knuckle. As he was doing so the cars came together crushing his left arm between the knuckles. It took approximately 45 minutes to free plaintiff. His left forearm and hand were mangled beyond salvage resulting in amputation below the elbow.

Defendant challenges plaintiff's verdict directing instruction as unsupported by the evidence. That instruction substantially followed MAI 24.03 omitting the first paragraph which was uncontested. The form second paragraph as submitted read, "defendant used on its line a car which was not equipped with a coupler coupling automatically by impact without the necessity of the plaintiff going between the ends of the car ..." Defendant contends that there was no evidence that there had occurred a prior impact in which coupling did not occur or that the coupling knuckles were in a position to couple prior to any impact, which it contends are prerequisites to liability under the Act. This in turn is based upon defendant's theory that pin lifter failure presents a different Safety Appliance violation than coupler failure. We find no merit to these contentions.

The Safety Appliance Act provides that it is "unlawful for any common carrier ... to haul or permit to be hauled or used on its line any car ... not equipped with couplers coupling automatically by impact, and which can be uncoupled without the necessity of men going between the ends of the cars." 45 U.S.C. Sec. 2. The "without the necessity" clause applies to both the act of coupling and uncoupling. *Johnson v. Southern Pacific R. Co.,* 196 U.S. 1 l.c. 18, 25 S.Ct. 158 l.c. 162, 49 L.Ed. 363 (1904). A single failure of the coupling mechanism is sufficient to establish a violation of the Act. *Affolder v. New York, Chicago and St. Louis Railroad Co.,* 339 U.S. 96 l.c. 99, 70 S.Ct. 509 l.c. 511, 94 L.Ed. 683 (1950). The Act imposes absolute liability regardless of care or diligence. *Clark v. Kentucky and Indiana Terminal Railroad,* 728 F.2d 307 (6th Cir.1984) [2]. From language used in the last cited case and certain other cases [1] defendant distills a requirement that the evidence show an unsuccessful attempt to couple by impact before liability is established. We find no such requirement. The cases relied on by defendant involved situations where the

**1.** *St. Louis Southwestern Ry. Co. v. Ferguson,* 182 F.2d 949 (8th Cir.1950) [1]; *Southern Ry. Co. v. Stewart,* 119 F.2d 85 (8th Cir.1941) [1–3] rev'd; *Stewart v. Southern Ry. Co.,* 315 U.S. 283, 62 S.Ct. 616, 86 L.Ed. 849 (1942).

question was whether it was necessary for the plaintiff to go between the cars to effectuate a couple.[2] Obviously, liability does not attach under the Act if the couplers will in fact couple automatically by impact without the necessity of plaintiff going between the cars.

■ That is not, however, the situation here. The evidence in this case established that the knuckles of the two cars involved were in positions where it was impossible to couple the cars by impact. Before a couple could be effectuated it was necessary that one of the knuckles be opened. It is for just such a necessity that pin lifters are provided. Their purpose is to allow opening of the knuckle from the side of the car. When the pin lifter failed the cars could not be coupled by impact without plaintiff going between the cars to open the knuckle.[3] The failure of the pin lifter was a breach of defendant's statutory duty. *Jordan v. East St. Louis Connecting Ry. Co.*, 308 Mo. 31, 271 S.W. 997 (1925); *Lovett v. Kansas City Terminal Ry. Co.*, 316 Mo. 1246, 295 S.W. 89 (1927). The instruction properly submitted this issue as an ultimate fact under MAI.

■ Defendant contends that the trial court erred in admitting into evidence a picture of plaintiff's mangled arm taken by the surgeon prior to amputation. The picture, admittedly gory, was a 3″ × 3″ color photograph, one of four taken by the surgeon as routine practice in amputation cases. The court refused to admit the other three photographs. Admission of photographs is within the discretion of the trial court, *Gray v. St. Louis-San Francisco Ry. Co.*, 363 Mo. 864, 254 S.W.2d 577 (1953) [7, 8], and will be disturbed only on a showing of abuse of that discretion, *Beshore v. Gretzinger*, 641 S.W.2d 858 (Mo. App.1982) [1, 2]. The photograph was an accurate portrayal of the injuries to plaintiff's arm, was not enlarged and did not distort or exaggerate the injury. The photograph was relevant to the nature and extent of plaintiff's injury and to the damage element of pain and suffering sustained by plaintiff while being extricated and prior to amputation. We do not find an abuse of discretion. *Helming v. Dulle*, 441 S.W.2d 350 (Mo.1969) [6]; *McWilliams v. Wright*, 460 S.W.2d 699 (Mo.1970) [2–5].

■ Defendant next complains that two answers given in response to defendant's cross-examination of plaintiff injected negligence of defendant's employees into the case.[4] The answers arose as a result of defendant's efforts to establish plaintiff's contributory negligence by eliciting that if he had not gone between the cars the accident wouldn't have happened.[5] It is questionable that the answers injected negligence of the train crew into the case. All the answers did was state that if the "train" hadn't moved there wouldn't have been an accident, a fact self-evident from the accident.

Furthermore, the answers were proper in response to defendant's efforts to saddle plaintiff with contributory negligence. While the negligence of the railroad was irrelevant to plaintiff's right of recovery, whether he was guilty of contributory negligence depended on all the circumstances. There was evidence that when a man went between the cars no movement of the train was to be made until he signalled for it. There was evidence that the train crew knew plaintiff had gone between the cars

**2.** In the *Stewart* case, *supra,* it was the absence of evidence of plaintiff attempting to use the pin lifter before going between the cars which caused the Eighth Circuit to reverse the judgment for plaintiff.

**3.** Defendant has raised no issue that the presence of a pin lifter on the other side met its statutory duty and we do not address that question.

**4.** The answers given were: "If the train had not of moved, it [his arm] wouldn't have been cou-

pled" and "If the train hadn't moved I could have opened the knuckle and there wouldn't have been no problem either."

**5.** Such a defense is available only if plaintiff's negligence was the sole cause of the accident. *St. Louis Southwestern Ry. Co. v. Ferguson*, 182 F.2d 949 (8th Cir.1950) [3]; *Soderstrom v. Missouri Pacific Ry. Co.*, 141 S.W.2d 73 (Mo.App. 1940) [20]; 45 U.S.C. Sec. 53.

and that no movement should be made until he signalled for it. It was for the jury to decide whether under those circumstances it was negligent for plaintiff to go between the cars and also whether that was the sole cause of his injury. The answers given by plaintiff constituted his articulation of his own non-negligence and the absence of proximate cause from his conduct. Defendant having opened the door to the propriety of plaintiff's action can hardly complain that plaintiff chose not to accept the full blame for the occurrence. We find no abuse of the trial court's discretion in overruling defendant's motion for a mistrial.

Defendant next contends that the verdict is so excessive as to demonstrate bias and prejudice and alternatively as warranting remittitur. Mere size of the verdict alone does not establish bias and prejudice; there must additionally be some trial error. *Dunn v. St. Louis-San Francisco Ry. Co.*, 621 S.W.2d 245 (Mo. banc 1981) [23, 24]. We have found no trial error.

As to the request for remittitur, *Fowler v. Park Corp.*, 673 S.W.2d 749 (Mo. banc 1984) markedly restricts the circumstances under which an appellate court can supersede the judgment of the trial court on excessiveness. Those circumstances arise only when "the award is so far out of line, when compared to the tangible damages shown, that the appellate court would be impelled to take corrective action." [16]. Plaintiff was forty years of age at the time of the accident. He sustained severe pain and suffering. He has continuing, possibly permanent, "phantom" pain from the amputation. Because of his education and mental abilities plaintiff is suited only for mechanical type of work which he cannot successfully do. He has limited success with his prosthesis. There was evidence he is virtually unemployable. He is also heavily dependent on assistance for many routine personal activities. We need not detail fully the results of his injury or the economic evidence presented. We do not find the award so far out of line as to require us to take corrective action.

Defendant's final point is that the court erred in failing to grant its motion for dismissal under *forum non conveniens*. The court's ruling on such a motion is highly discretionary. *Blankenship v. Saitz*, 682 S.W.2d 116 (E.D.Mo.1984). We are unable to find an abuse here, particularly when the forum is the main office location of the defendant, the facts of the occurrence were virtually undisputed, and the nature of the injury conceded.

Judgment affirmed.

SNYDER and SATZ, JJ., concur.